*HERANCOURT BREWING Co. v. JOSEPH FRANK.

1. NECESSARY TO ALLEGE NEGLIGENT SELECTION OF DANGEROUS APPLIANCE OR FAILURE TO WARN OPERATOR OF DANGER IN USE THEREOF.

    A master is only liable for acts negligently done or omitted and so charged; hence, in an action against a brewing company for injuries to an employe resulting from the inhalation of the fumes of wood alcohol in varnish used on the interior of beer casks, heated to such a degree as to make the varnish volatile and dangerous to use without an appliance to protect the user, it is necessary to allege that the varnish used was negligently selected from others in the market, or that the plaintiff negligently failed to warn him of the danger of using it.

2. PLACE TO WORK NOT FURNISHED BY MASTER WHEN SERVANT'S WORK INCLUDES THE SELECTION THEREOF.

    A place to work, not in any sense permanent, in which surrounding conditions were constantly changing, the furnishing and preparation of which were a part of the work necessary for a servant to perform, is not a place furnished by the master.

3. MEASURE OF DUTY OF MASTER DETERMINED BY WHAT HE WOULD KNOW BY EXERCISE OF ORDINARY CARE NOT WHAT HE OUGHT TO KNOW.

    The measure of duty required of a master is ascertained by what he *would* know by the exercise of ordinary care in the premises, not what he "knew or in the exercise of ordinary care ought to have known" of the dangers of the employment.

4. DEALER IN BREWERS' SUPPLIES NOT AN EXPERT AS TO FACT OF CERTAIN SPIRITS BEING POISONOUS.

    A dealer in brewers' supplies and technical machinery, being neither a chemist nor physician, is not qualified to testify as an expert as to whether certain spirits used in varnish are poisonous if applied as a compound of shellac in the enclosed area of a brewer's vat.

5. DIRECTING VERDICT ON FINDING OF FACTS ALONE NOT CONSTITUTING NEGLIGENCE, ERROR.

    A special instruction which directs a verdict for plaintiff in a negligence case in the event that the jury find certain facts leading up to essential fact constituting the negligence charged, but which alone do not amount to negligence as charged, is erroneous.

---

*See also decisions: Cincinnati superior court, special term, *Frank* v. *Brewing Co.* 18 Dec. 32; general term, reversing, *Frank* v. *Brewing Co.* 18 Dec. 601; latter affirmed by Supreme Court, without report, *Herancourt Brewing Co.* v. *Frank,* 80 Ohio St. 724.

**6. QUESTIONS REQUIRING ARGUMENTATIVE ANSWER AND APPEALING TO PREJUDICE OF JURY CONDEMNED.**

Questions requiring an argumentative answer, or which appeal to the prejudice of the jury by introducing irrelevant facts, are not only erroneous, but should draw from the court a caution against any further attempt to influence the jury in that manner.

**7. FAILURE TO ATTACH EXHIBITS TO BILL OF EXCEPTIONS AT TIME OF SIGNING AND ALLOWANCE NOT CURED BY SUBSEQUENT ATTACHMENT.**

Where exhibits are found to be missing from a bill of exceptions at the time it is offered for signature, the time for signing should be extended under the statute, rather than go to the upper court with an incomplete bill, or attempt to make it complete by subsequently attaching the exhibits without the consent or knowledge of the trial judge.

ERROR to Hamilton common pleas court.

**Robertson & Buchwalter** and **Roettinger & Gorman,** for plaintiff in error.

**Stricker & Johnson,** for defendant in error.

**GIFFEN, J.**

The negligence of the defendant brewing company is charged in the second amended petition as follows:

"That defendant negligently, carelessly and in total disregard of its duty to plaintiff, failed and omitted to supply or offer to supply the plaintiff with such mask or head-protector or any other appliance or means to avoid the harmful and dangerous consequences connected with the use of said varnish and that had the plaintiff been supplied with such mask, helmet or head-protector, he would have escaped all the injuries herein complained of."

Also as follows:

"That he is permanently and incurably blind, all of which was directly caused by, and is due to, the use of said varnish or shellac as aforesaid."

The other allegations show what duty devolved upon the defendant, and lay the foundation for the specific charge of negligence. There is no allegation that the varnish used was negligently selected from among others in the market, and so far as the pleading discloses was the only material suitable for coating the inside of beer casks; nor is there any averment that the defendant negligently failed to warn plaintiff of the danger. The defendant can be held liable only for acts negligently done or omitted and so charged. *New York, C. & St. L. Ry.* v. *Kistler,* 66 Ohio St. 326 [64 N. E. Rep. 130]; *Baltimore & Ohio Ry.* v. *Lockwood,* 72 Ohio St. 586 [74 N. E. Rep. 1071].

Brewing Co. v. Frank.

The duty of a master to provide a "safe place" in which to work is not involved under the pleadings or the evidence; and the claim of counsel may be aptly answered in the language of the Supreme Court in the case of *Coal & Mining Co.* v. *Clay,* 51 Ohio St. 542 [38 N. E. Rep. 610; 25 L. R. A. 848], at page 558:

"Here the place was not furnished as in any sense a permanent place of work, but was a place in which surrounding conditions were constantly changing, and instead of being a place furnished by the master for the employes within the spirit of the decisions referred to, was a place the furnishing and preparation of which was in itself part of the work which they were employed to perform."

The first special instruction to the jury given at the request of plaintiff is in substance, if you find from the evidence that plaintiff had no knowledge of the danger, that the defendant knew or ought to have known the dangers, yet failed to warn the plaintiff thereof, and in consequence thereof plaintiff sustained the injuries complained of, your verdict must be for plaintiff.

These facts were all necessary to be found by the jury as leading up to the essential fact constituting the negligence charged, to wit, the failure to supply the plaintiff with a mask or other means to avoid the danger of using the varnish, but did not alone amount to negligence as charged. It is error to give this charge; but it will no doubt be claimed that it was not prejudicial, because the jury found in answer to an interrogatory that the failure to provide masks and properly ventilate the casks caused plaintiff's blindness. They do not, however, find that such failure was due to negligence of the defendant. Another interrogatory requiring a statement of the *negligent* acts of the defendant causing plaintiff's blindness was submitted to the court, but refused. Why, does not appear. We think it was a proper question to be submitted to the jury; but the error seems not to be urged in the petition in error either specifically or generally.

Special instruction No. 5 given at the request of the plaintiff is not accurate in stating the duty of defendant, to wit, "the defendant knew or in the exercise of ordinary care *ought* to have known of such dangers."

What a master ought to know is the measure of his duty in the premises, but that duty is ascertained by what he *would* know by the exercise of ordinary care.

The witness, J. A. J. Mager, was neither a chemist nor a physician, and had no experience in varnishing beer casks, but was in the business

of brewers' supplies and technical machinery. It seems to us therefore that he was not qualified as an expert to answer such questions as the following:

"State, if you know, whether or not Columbian spirits is poisonous, if used or applied as a compound to shellac in an enclosed area such as a brewer's beer vat?"

Besides it was a precise issue of fact to be determined by the jury from the evidence. *Fowler v. Delaplain*, 79 Ohio St. 279 [87 N. E. Rep. 260].

William Forn, a brewmaster, was asked by counsel for plaintiff in his examination in chief the following question:

"What would you say as to the necessity of heating the casks until they are so hot on the inside you can feel the heat on the outside with your bare hand? Is it necessary the casks be heated to such a degree before the operator applies the varnish? There being, if you please, no ventilation in the cask save a manhole at the bottom one to two feet in diameter and a bunghole at the top two inches in diameter, and the varnisher not being supplied with a mask but a moistened sponge worn around the mouth and nose?"

It is hardly necessary to ask what relation the bunghole, the manhole, the absence of a mask, and the presence of a sponge over the mouth and nose of the varnisher have to the necessity of heating the cask; but it *is* pertinent to inquire why encumber the record with such questions until the bill of exceptions reaches the enormous bulk of ten hundred and thirty-six type-written pages, and why appeal to the passion and prejudice of the jury by an irrelevant question put to a witness? The court should not only have sustained the objection to the question, but cautioned counsel against any further attempt to influence the jury in that manner.

The same witness was asked the following:

"Why do you use pure grain shellac varnish and not Columbian spirits varnish?"

His motive or reason for doing the act was not in issue, nor relevant to any fact in issue, and the question called for an argumentative answer, which was given as follows:

"Because I know the dangers of wood alcohol and Columbian spirits; regardless of the fact that we can make a cheaper varnish, we do not employ Columbian spirits or wood alcohol."

We have not weighed the evidence to ascertain whether the verdict is sustained by sufficient evidence, because the trial judge has certified

Brewing Co. v. Frank.

that the bill of exceptions does not contain all the evidence, in that, two exhibits are wanting. At the time the bill was signed it was discovered that these exhibits were not attached and the judge so certifies. They were soon after found in the custody of the clerk of the court, and attached to the bill without the consent of the judge and after the time for signing the bill had expired. While it is not the duty of the trial judge to prepare a bill of exceptions, yet under the circumstances the better course would have been to extend the time under the statute for allowing and signing the bill, so that counsel, who were without blame, could search for the missing exhibits. With the record incomplete, and a want of power to weigh the evidence, we are constrained to hold that the errors in giving special instruction No. 1, and in admitting incompetent and irrelevant testimony were prejudicial, for which the judgment is reversed and the cause remanded for a new trial.

**Swing** and **Smith, JJ.,** concur.